**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 5, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHRISTOPHER JAY SMITH,

Petitioner-Appellant,

v.

JUSTIN JONES, Director,

Respondent-Appellee.

No. 06-6364

(W.D. Oklahoma)

(D.C. No. CIV-06-128-C)

**ORDER**

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Christopher Smith, proceeding pro se, seeks a certificate of appealability

("COA") to enable him to appeal the district court's denial of the habeas petition

he filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (providing

that an appeal may not be taken from the denial of a § 2254 habeas petition unless

the petitioner first obtains a COA). Mr. Smith also seeks leave to proceed in

forma pauperis ("IFP").

In his § 2254 petition, Mr. Smith raises six contentions: (1) violation of his

Sixth and Fourteenth Amendment rights when the prosecution engaged in racial

discrimination in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986), when it

struck minorities from the jury; (2) ineffective assistance of trial counsel pursuant

to *Strickland v. Washington*, 466 U.S. 668 (1984), for failure to (a) prepare for trial, (b) investigate the case, (c) cross-examine certain witnesses, (d) object to pre-trial photographic identification, and (e) object to certain evidence; (3) ineffective assistance of appellate counsel for her failure to raise ineffectiveness of trial counsel for his failure to (a) challenge the lawfulness of Mr. Smith's arrest and (b) properly preserve the appellate record and also for (c) failure to develop the record for direct review; (4) denial of due process because of a "conflict of interest" created by the "scandalous personal relationship" between then Oklahoma Court of Criminal Appeals ("OCCA") Judge Steven Lile and Comanche County District Attorney Robert Schulte; Rec. doc. 1, at 10, (5) insufficiency of the evidence and factual innocence; and (6) violation of his Sixth and Fourteenth Amendment rights based on cumulative error.

## I. BACKGROUND

A District Court of Comanche County jury convicted Mr. Smith of first-degree felony murder, for which Mr. Smith is serving a sentence of life imprisonment without parole. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction on direct appeal and denied his application for post-conviction relief. He then filed this § 2254 action. The magistrate judge, in a thorough and well-reasoned report and recommendation, recommended that the district court deny the petition. The district court reviewed and rejected Mr.

Smith's objections to the report and recommendation, adopted the report and recommendation, and denied Mr. Smith's application for a COA.

## II. DISCUSSION

In order to obtain a COA, Mr. Smith must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to do so, Mr. Smith "must show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Id.* at 338.

Here, for substantially the same reasons as those set forth in the district court's order and the magistrate judge's thorough report and recommendation, we conclude that Mr. Smith is not entitled to a COA. First, the OCCA concluded that the trial court did not abuse its discretion when it found that Mr. Smith did not meet his burden of establishing purposeful discrimination. The OCCA's conclusion was not contrary to or an unreasonable determination of federal law, nor did it involve an unreasonable determination of the facts in the case. Second and third, we agree with the OCCA's conclusions that Mr. Smith's claims for ineffectiveness of trial and appellate counsel did not satisfy the well-established

*Strickland* standard. Thus, the OCCA's rejection of those claims was not an unreasonable application of federal law.

Fourth, we agree with the OCCA's conclusion that Mr. Smith has not established a conflict of interest between Judge Lile and the prosecutor. The OCCA's determination was also not contrary to or an unreasonable application of federal law.

Fifth, the OCCA, applying *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), held that there was sufficient evidence supporting the jury's verdict. The victim was shot with a .38 caliber hand gun, which wielded a hydro-shock hollow point bullet. The authorities retrieved such a firearm, loaded with the same type of bullets, from Mr. Smith's room. The victim, who ran a convenience store had $3,000 stored in a can behind the counter on the day of her murder. Officers found the same can, empty, on the counter after her death. Mr. Smith was seen with a large amount of cash shortly after the murder. He attempted to buy a car, and spent $400 on jewelry. When officers arrested Mr. Smith two days after the murder, he had $813 in cash. The State also presented testimony that Mr. Smith was seen running across the road minutes after the murder occurred. In addition, Mr. Smith provided conflicting stories to law enforcement officials regarding his whereabouts at the time of the murder. This evidence demonstrates that the OCCA's decision was not contrary to or an unreasonable application of *Jackson*.

Finally, the OCCA's rejection of Mr. Smith's sixth claim based on

cumulative error, was not contrary to or an unreasonable application of federal law. There can be no cumulative error analysis, because this analysis "does not apply to the cumulative effect of non-errors." *Moore v. Reynolds*, 153 F.3d 1086, 1113 (10th Cir. 1998).

## III. CONCLUSION

Based on our review of the record, the magistrate judge's report and recommendation, the district court's order, and Mr. Smith's submissions to this court, we are not persuaded jurists of reason would disagree with the district court's disposition of his petition. Accordingly, we DENY his request for a COA, DENY his motion to proceed IFP, and DISMISS the matter.

Entered for the Court,
ELISABETH A. SHUMAKER, Clerk


By:
  Deputy Clerk